LEWIS P. JANOWSKY, State Bar No. 092735
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
lew@rjlaw.com

Attorneys for Plaintiffs
FRESH DIRECT, INC.; DEARDORFF-JACKSON
CO. d/b/a DEARDORFF FAMILY FARMS
and NAT FEINN SALES CORPORATION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

(EASTERN DIVISION)

ED CV 09- 02217 VAP (OP)

| | |
|---|---|
| FRESH DIRECT, INC., an Arizona corporation; DEARDORFF-JACKSON CO. d/b/a DEARDORFF FAMILY FARMS, a California corporation; NAT FEINN SALES CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DESERT STAR PRODUCE, LLC, a limited liability company; DAMON BALDIVIEZ, an individual; MARY BETH BALDIVIEZ, an individual; VIRGINIA BALDIVIEZ aka GINA BALDIVIEZ, an individual; JOHN BALDIVIEZ, an individual<br><br>Defendants. | CASE NO.<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND PRELIMINARY INJUNCTION |

1

Upon review of the Complaint of FRESH DIRECT, INC., ("FDI"), DEARDORFF-JACKSON CO., d/b/a DEARDORFF FAMILY FARMS ("DDF"), and NAT FEINN SALES CORPORATION ("NFSC"), (collectively referred to as "Plaintiffs") on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities and Supplemental Mem. of Points & Authorities in support of Plaintiffs' Application for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause.

IT IS HEREBY ORDERED that Defendants DESERT STAR PRODUCE, LLC; DAMON BALDIVIEZ; MARY BETH BALDIVIEZ; VIRGINIA BALDIVIEZ aka GINA BALDIVIEZ; JOHN BALDIVIEZ, (collectively referred to as "Defendants") appear in Courtroom 2 of the U.S. District Court for the Central District of California, Eastern Division, 3470 Twelfth Street, Riverside, CA 92501, on January 4, 2010, at 2:00 p.m., or as soon thereafter as the matter may be heard, then and there to show cause, if any they have, why they, their agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and representatives should not be restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

A.  Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B.  Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

1      C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that Defendants, their owners, officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA trust assets in the amount of at least $262,585.50, the amount of the PACA Trust principal owing to Plaintiffs, plus finance charges accrued through December 3, 2009 for Plaintiff FDI in the amount of $13,179.21 and for Plaintiff DDF in the amount of $2,061.89, plus interest charges in the amount of $196.07 for Plaintiff NSFC, plus reasonable attorney's fees in the amount of $4,865.00, plus filing fees of $350.00, making in all the sum of $283,237.70 due as of the date hereof.

IT IS FURTHER ORDERED that pending the hearing and determination on the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to Defendants' accounts held at Union Bank of California, account number 5810013372, located at San Bernardino Business Banking Center #491, San Bernardino, CA 92401 and any other accounts subsequently discovered to be standing in said Defendants' names or either of them.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

D.  Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

E.  Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

F.  Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA)].

~~IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:~~

~~G.  Immediately account to the Court and Plaintiffs for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.~~

~~H.  Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiffs for sale and collection until Plaintiffs is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiffs' counsel without charge to the trust, and subject to Plaintiffs' counsel making a weekly accounting for all receivables received or collected by Plaintiffs' counsel in that regard. Plaintiffs' counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.~~

~~I.  Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of~~

1  Defendants' receipt of them to Plaintiffs' counsel as set forth above. ~~Likewise,~~
2  Defendants shall deliver any cash assets of the PACA trust which are ~~in its~~ possession or
3  are obtainable by Defendants at the time of the entry of ~~this~~ order, or which Defendants
4  obtain or which become obtainable by Defendants after entry of this Order, within 48
5  hours of Defendants' receipt of them to Plaintiffs' counsel.

      J.    ~~File~~ weekly with this Court satisfactory evidence of compliance with the ~~terms~~ of this Order.

      IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, ~~and continuing thereafter,~~ Plaintiffs and its counsel, agents, or representatives, shall have full and complete and continuing access to ~~all of~~ *relating to all Defendants' transactions with Plaintiffs subject to PACA,* Defendants' books and records, which shall include ~~but not necessarily be limited to~~, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, ~~relating~~ to Defendants' business and personal financial status from commencement of Defendants' business activities forward for ~~the~~ purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order. Defendants shall, upon 48 hours notice by Plaintiffs' counsel, allow inspection and copying of the books and records of said Defendants by Plaintiffs or its representatives at Defendants' place of business.

      IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs shall be entitled to depose, under oath, at reasonable times and places, upon *reasonable* ~~at least 48 hours~~ notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiffs is entitled to inspect under this Order, the trust assets or any of Defendants' business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that Plaintiffs may immediately take whatever steps are reasonably necessary to mitigate Plaintiffs' damages by selling current inventory of fresh produce previously sold to Defendants but for which Defendants have not paid Plaintiffs, all such sales proceeds to be applied to Defendants' account.

~~IT IS FURTHER ORDERED that Union Bank of California release information about the above-described account including the amounts contained in the account.~~

IT IS FURTHER ORDERED that *Plaintiffs shall post a bond in the amount of $5,000.00* ~~no bond shall be required to be posted by Plaintiffs~~ before the Temporary Restraining Order is effective. /vp/

IT IS FURTHER ORDERED that Plaintiffs shall *personally* serve Defendants with copies of this Order and all pleadings and other papers in support of the Order on or before *December 23*, 2009 ~~by Federal Express with verification of receipt~~. Defendants shall file an Opposition, if any, to the Order to Show Cause on or before *4* p.m. on *December 29*, 2009, and shall personally serve Plaintiffs' counsel with a copy of said Opposition by said deadline. Plaintiffs shall file and serve a Reply to Defendants' Opposition, if any, on or before *4:00* p.m. on *December 30*, 2009.

DATED: *December 21*, 2009

*Virginia L. Phillips*
U.S. DISTRICT COURT JUDGE